Affirmed and Memorandum Opinion filed April 4, 2006









Affirmed
and Memorandum Opinion filed April 4, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

 NO. 14-05-00040-CR 

 NO. 14-05-00041-CR

____________

 

JERRY SHAW BARKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 10th
District Court

Galveston County, Texas

Trial Court Cause Nos. 03CR3855
& 03CR3856

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Jerry Shaw
Barker of two counts of aggravated sexual assault of a child and sentenced him
to forty-five years= imprisonment and a $5,000 fine on each
count.  In six issues, appellant argues
(1) the evidence is legally and factually insufficient to support his
convictions and (2) the indictment, evidence, and charge contain a material
variance that renders the evidence legally insufficient to support his
convictions.  We affirm. 

 








Factual and
Procedural Background

Appellant lived with D.V., his
ten-year-old stepson, and D.V.=s mother, brother,
and sister.  According to D.V., on two
occasions in 2003 when he and appellant were home alone, appellant told D.V. to
go to his sister=s room and remove his pants.  When D.V. complied, appellant sexually
assaulted him and threatened to harm D.V. and his mother if D.V. told
anyone.  D.V. nonetheless told his mother
what happened a few days after the second assault, and she took him to the
hospital.  Eva Blight, a pediatric nurse
practitioner at the University of Texas Medical Branch (AUTMB@), examined D.V.
on December 11 and 12, 2003, and observed a still-healing Y-shaped fissure on
his anus.  Blight took notes during these
examinations and also photographed and made diagrams of the fissure, which she discussed
with Dr. James Lukefahr, director of the UTMB child abuse center.  The State subsequently charged appellant with
two counts of sexual assault against D.V.[1]


At trial, D.V. took the stand and gave
detailed testimony about the sexual assaults.[2]  Blight and Dr. Lukefahr testified about D.V.=s examination and
anal fissure.[3]  According to Blight, the fissure was severe,
had probably occurred within the preceding month, and was Aclear evidence of
penetrating trauma.@  On
cross-examination, Dr. Lukefahr acknowledged that constipation can cause anal
fissures but noted on redirect that, due to the extensive nature of D.V.=s fissure, he
believed it was caused by penetrating force and not constipation.  Appellant testified on his own behalf and
denied abusing D.V. 








Sufficiency of the Evidence

In his first four
issues, appellant claims the evidence is legally and factually insufficient to
support his convictions.  Specifically,
he argues the evidence is insufficient because no witnesses testified to the
assault, appellant denied committing the assault, and the only physical
evidence was D.V.=s anal fissure, which appellant claims could
have been caused by constipation.  

In conducting a legal-sufficiency review
claim attacking a jury=s finding of guilt, we view the evidence
in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  We do not ask whether we believe
the evidence at trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we determine only whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
In our review, we accord great deference A>to the
responsibility of the trier of fact [fairly to] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319).  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at
133 n.13.








In conducting a factual-sufficiency review
of the jury=s determination, we do not view the
evidence Ain the light most favorable to the
prosecution.@  Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Instead, we view the evidence in a neutral
light and inquire whether the jury was rationally justified in finding guilt
beyond a reasonable doubt.  Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  We may find the verdict factually
insufficient in two ways.  First, when
considered by itself, the evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Id.  We must discuss the evidence appellant
claims is the most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact-finder.  Zuniga, 144
S.W.3d at 482.  Our evaluation should not
intrude upon the fact-finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.

The Texas Penal Code provides that a
person commits aggravated sexual assault of a child if he Aintentionally or
knowingly . . . causes the penetration of the anus or sexual organ of a child
by any means@ or Acauses the anus of
a child to contact the . . . sexual organ of another person, including the
actor,@ and the child is
under fourteen years of age.  See Tex. Penal Code Ann. _ 22.021(a)(1)(B), (a)(2)(B) (Vernon
Supp. 2005). 

Having reviewed the record, we find the
evidence both legally and factually sufficient to support appellant=s conviction.  At trial, D.V. gave detailed testimony about
the sexual assault, and his testimony alone is sufficient to support appellant=s conviction.  See Jensen v. State, 66 S.W.3d 528,
534 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (AThe testimony of a
victim[,] standing alone, even when the victim is a child, is sufficient to
support a conviction for sexual assault.@ (alteration in
original) (citation omitted)).  Further,
D.V.=s testimony was
corroborated by physical evidence of the anal fissure and Dr. Lukefahr=s testimony
attributing the fissure to penetrating trauma rather than constipation.  Viewing this evidence in a light most
favorable to the verdict, we conclude a jury rationally could have found beyond
a reasonable doubt that appellant sexually assaulted D.V.  Viewing the same evidence in a neutral light,
we conclude the evidence is not too weak, nor the contrary evidence too strong,
to support a finding of guilt beyond a reasonable doubt.  Accordingly, we overrule appellant=s first four
issues.








The Jury Charge

In his fifth and sixth
issues, appellant claims the jury charges on both counts contain error.  He argues that because there is a discrepancy
between the abstract sections of the charges and the indictments and trial
evidence, a material variance exists that renders the evidence legally
insufficient to support his convictions. 
A Avariance@ occurs when there
is a discrepancy between the allegations in the charging instrument and the
proof at trial.  Gollihar v. State,
46 S.W.3d 243, 246 (Tex. Crim. App. 2001); Rojas v. State, 986 S.W.2d
241, 246 (Tex. Crim. App. 1998).  In a
variance situation, the State has proven the defendant guilty of a crime, but
has proven its commission in a manner that varies from the allegations in the
charging instrument. Gollihar, 46 S.W.3d at 246.  Here, the indictments charge appellant with Apenetration of the
anus of [D.V.],@ and the application sections of the
charges correctly reflect this language. 
However, the abstract sections of the charges define aggravated sexual
assault of a child as Apenetration of the sexual organ of
a child@ (emphasis
added).  The State concedes that the
charges contain error because the abstract sections read Asexual organ@ rather than Aanus,@ and we
agree.  However, this constitutes a
definitional error, not a variance between the charging instruments and the
proof at trial.  Thus, the appropriate
analysis is that of jury charge error. 
Because appellant failed to object to the error at trial, we next
consider whether it caused appellant egregious harm.  See Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1984).








Viewed together, the jury charges, trial
evidence, and arguments of counsel made abundantly clear that appellant was
charged with two counts of anal penetration of a male child.  The application portions of the jury charges
correctly specify Aanus,@ and the trial
testimony and medical evidence relate only to anal penetration.  Additionally, because the nature of male
anatomy is generally understood and the evidence in this case concerned
appellant=s penetration of D.V. with appellant=s penis, it is
extremely unlikely the erroneous definitional language could have caused the
jury to contemplate a different offense from that with which appellant was
charged.  Nothing in the record suggests
the error affected the basis of appellant=s case, deprived
him of a valuable right, or vitally affected his defensive theory.  Thus, we conclude that the jury charge errors
did not cause appellant egregious harm.  
Accordingly, we overrule appellant=s final two
issues.

We
affirm the trial court=s judgment.                         

 

 

 

/s/      Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 4, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 











[1]  D.V.=s sister also claimed appellant sexually assaulted
her.  Appellant was tried concurrently on
two counts of sexually assaulting D.V.=s sister
and two counts of sexually assaulting D.V. 
The jury acquitted appellant of both counts against D.V.=s sister but convicted him of both counts against D.V.





[2]  D.V. testified
that during the first assault, appellant told him to turn around and lie on the
bed after making D.V. remove his pants. 
D.V. said he then watched as appellant Aunzipped
his fly@ and Apull[ed] out his penis.@  Appellant held D.V.=s head with his hand, Aput his
penis in [D.V.=s] butt,@ and
began Apushing back and forth.@  D.V. testified that he could feel appellant=s penis inside him and that it hurt.  Appellant stopped when he heard a door close
and told D.V. to pull up his pants. 
During the second assault, appellant Apushed
[D.V.] on the bed@ and similarly assaulted him until the telephone rang.





[3]  Although Dr.
Lukefahr did not personally examine D.V. at the hospital, he testified that he
based his opinion on the photographs, notes, and diagrams Blight made during
her examinations of D.V.